IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARLIN BRANDT POHLMAN,   No. 2:19-cv-01431-JE

    Petitioner,   ORDER

  v.

SARAH FROST, et al.,

    Respondents.

HERNÁNDEZ, District Judge:

    Magistrate Judge Jelderks issued a Findings and Recommendation on October 2, 2023, in which he recommends that this Court deny Respondents' Motion to Dismiss as moot and deny Petitioner's Second Amended Petition for Writ of Habeas Corpus. F&R, ECF 71. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

Petitioner filed timely objections to the Magistrate Judge's Findings and Recommendation. Pet. Obj., ECF 77. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Court has carefully considered Petitioner's objections and reviewed the pertinent portions of the record *de novo* and concludes that there is one basis to modify the Findings and Recommendation, but it does not change the outcome. Petitioner objects to Judge Jelderks's finding that he presented two new claims in briefing. *See* F&R 10. He asserts that he presented new arguments rather than new claims. Pet. Obj. 2-3. The Court agrees. First, in his brief in support of the Second Amended Petition, Petitioner argued that the state postconviction ("PCR") court's ruling on his ineffective assistance claim was unreasonable because it "emphasized the advantageousness and benefit of the plea agreement." Pet. Br. 12, ECF 55. This was an argument in support of Petitioner's claim that counsel was ineffective in advising him about withdrawal of the plea agreement; it was not a separate ground for relief. But Judge Jelderks correctly stated that the PCR court could consider the benefit of the plea agreement. F&R 11.

Second, in his opening and reply briefs, Petitioner argued that he had been denied effective assistance of counsel with respect to his plea agreement because his counsel intervened during colloquy with the trial court and overrode his wish to withdraw the plea. Pet. Br. 13-14; Pet. Reply 2-3, ECF 70 (citing *United States v. Gonzalez*, 113 F.3d 1026, 1029 (9th Cir. 1997)). This too was an argument in support of his claim; it was not a new claim. But Judge Jelderks correctly concluded that Petitioner had no legal basis to withdraw his plea agreement, so he

could not satisfy either prong of *Strickland*. F&R 11. In sum, Judge Jelderks correctly concluded that Petitioner is not entitled to relief.

## CONCLUSION

The Court adopts Magistrate Judge Jelderks's Findings and Recommendation [71] as modified herein. Therefore, Petitioner's Second Amended Petition for Writ of Habeas Corpus [13] is DENIED. Respondents' Motion to Dismiss Mixed Petition [23] is DENIED AS MOOT.

IT IS SO ORDERED.

DATED:   December 28, 2023

_____
MARCO A. HERNÁNDEZ
United States District Judge

3 - ORDER